# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1243
_____

Gregory Swecker; Beverly Swecker

*Plaintiffs - Appellants*

v.

United States Department of Agriculture, also known as Farm Service Agency, also known as Rural Utilities Service; Office of the Assistant Secretary of Civil Rights; United States of America

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: October 29, 2018
Filed: November 1, 2018
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Gregory and Beverly Swecker (collectively, "the Sweckers") appeal from the judgment of the district court[1] denying their motion to recuse, and dismissing with prejudice their action brought pursuant to 28 U.S.C. § 1332(a)(1), and the Federal Tort Claim Act, 28 U.S.C. § 1346(b), against the United States, and three agencies within the United States Department of Agriculture: the Farm Service Agency, the Rural Utilities Service, and the Office of the Assistant Secretary of Civil Rights. The Sweckers contend that the district court (1) abused its discretion when it denied their motion to recuse; and (2) erred in granting the defendants' motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6).

Upon review, we conclude that the Sweckers' claim of judicial bias lacks merit. See 28 U.S.C. § 455(a), (b)(1) (requiring recusal in proceeding in which judge's impartiality might be reasonably questioned; or when he has personal bias or prejudice concerning party, or personal knowledge of disputed evidentiary facts concerning proceeding); United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006) (judge is presumed impartial and party seeking disqualification has substantial burden of proving otherwise).

We further conclude that the district court properly dismissed the Sweckers' complaint for failure to state a claim because each of their five purported causes of action were premised only on "threadbare recitals of the elements of a cause of action." See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (to survive motion to dismiss, complaint must contain sufficient factual matter, accepted as true, to state facially plausible claim to relief; complaint must show and not merely allege right to relief); see also Fed. R. Civ. P. 12(b)(6); Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (de novo review of grant of motion to dismiss for failure to state claim under Fed. R. Civ. P. 12(b)(6)). The judgment is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.